

**Entered on Docket
November 17, 2009**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

___

**ORDR**
STEVE HERBERT HOFSAESS,
c/o CHRISTOPHER G. GELLNER, P.C.
528 South Casino Center Boulevard, Third Floor
Las Vegas, Nevada 89101
(702) 386-9393
Debtor in Proper Person

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | CASE NO. BK-S-08–23761-BAM |
| --- | --- |
| STEVE HERBERT HOFSAESS, | CHAPTER 11 |
| Debtor. | Date of Hearing: October 27, 2009<br>Time of Hearing: 11:00 a.m. |

### ORDER CONFIRMING THE DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

The matter of Confirmation of the Debtor's Second Amended Plan of Reorganization filed August 7, 2009, hereinafter also called the "Plan," having come before the Court for hearing on notice to all creditors and parties in interest before the Honorable Bruce A. Markell, United States Bankruptcy Judge, on October 27, 2009, at 11:00 a.m., the Debtor, Steve Herbert Hofsaess, appearing in Proper Person; Creditor, Bank of America, holder of the first deed of trust on the home at 3808 Fairway Circle, Las Vegas, Nevada, appearing by and through its attorney, Cindy Lee Stock, Esq.; Creditor, Bank of America, holder of the first deed of trust on the home at 8906 Houston Ridge Avenue, Las Vegas, Nevada, appearing by and through its counsel, Jacque A. Gruber, Esq.; and BAC Home Loan Servicing, L.P., holder of the first deed of trust on the home at 6159 Villa de Picasso Avenue, Las Vegas, Nevada, appearing by and through its attorney, Ronald Reynolds, Esq.; and the Court having read and reviewed the Debtor's Second Amended Plan of Reorganization, the Disclosure Statement for the Second Amended Plan of Reorganization,

all objections to the Debtor's Plan of Reorganization, the Declaration of Steve Herbert Hofsaess in Support of Confirmation of The Debtor's Second Amended Plan Of Reorganization, the Declaration of Jess Murillo Regarding The Financial Condition of Desert Poolscape, LLC, and the Points and Authorities In Support of Confirmation Of The Debtor's Second Amended Plan Of Reorganization; and having heard the arguments of Mr. Hofsaess and creditors' counsel, and it appearing that Mr. Hofsasess has reached agreements with Bank of America and BAC Home Loan Servicing, L.P. as to the amount of their secured claims, the market-interest rate, and other matters pertaining to treatment of their secured claims in the Second Amended Plan of Reorganization; and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Debtor's Second Amended Plan of Reorganization filed August 7, 2009, a copy of which is attached hereto as Exhibit 1, is confirmed pursuant to 11 USC §1129.  The Court specifically finds that all 16 paragraphs of 11 USC §1129(a) have been met, except paragraph (8), and that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under and has not accepted the Plan.  Consequently, the Court will cramdown the Plan against the five classes of impaired secured creditors who have not approved the Plan (Classes IV(B), IV©, IV(E), IV(F) and IV(G), and the three classes of impaired, unsecured creditors that have not approved the Plan (Classes V, VI, and VII)).

IT IS FURTHER ORDERED THAT Class V(A), Bank of America, the holder of the first deed of trust on the Debtor's principal residence at 3808 Fairway Circle, Las Vegas, Nevada, has cast a Ballot accepting the Plan and that Class IV(I), DCFS USA, LLC, which is secured by the Debtor's 2006 Dodge Ram Pickup, is unimpaired as the vehicle has been surrendered by the Debtor and the stay has been lifted so that said creditor can pursue its State Court remedies as to disposition of the collateral.

IT IS FURTHER ORDERED THAT Class IV(D), Bank of America, which is secured by the first deed of trust on the home at 8906 Houston Ridge Avenue, Las Vegas, Nevada 89178 has accepted the Plan with the modifications found in the Stipulation Re: Treatment of Bank of America, N.A.'s claim filed October 27, 2009 and approved by the Court's Order of October 29,

2009, which Stipulation and Order are attached as Exhibits 2 and 3, respectively, to this Order of Confirmation and incorporated herein by reference. Among other things, the Stipulation and Order provide that this creditor's claim shall have a modified principal balance of $140,000.00 to be paid in equal monthly installments over a 30-year amortized period with a fixed- interest rate of 5.5%, per annum which is $794.00 per month in principal and interest.

IT IS FURTHER ORDERED THAT Class IV(H), which is BAC Home Loan Servicing, L.P.'s first deed of trust claim on the home at 6159 Villa de Picasso Avenue, Las Vegas, Nevada 89131 shall be treated pursuant to the terms of an oral stipulation in Open Court with the Debtor at the confirmation hearing on October 27, 2009, at which Mr. Hofsaess and counsel for BAC Home Loan Servicing, L.P. agreed that the Villa De Picasso home shall have a fair-market value of $365,000.00 for the purpose of the Debtor's Second Amended Plan of Reorganization and that, therefore, said creditor's secured claim of $365,000.00 shall be made into a 30-year amortized mortgage, with a fixed-interest rate of 5.5% per annum, payable at the rate of $2,072.44 per month, beginning on the effective date and continuing on the same day of each and every month thereafter for 360 months.

IT IS FURTHER ORDERED that the secured claims in Class IV(A), IV(B), IV©, IV(E), IV(F), and IV(G) shall be treated as provided for in the Second Amended Plan Of Reorganization, which is as follows:

1. Class IV(A): The first trust deed held by Bank of America on the home at 3808 Fairway Circle, Las Vegas, Nevada 89108 shall be paid in full by the Debtor resuming regular monthly payments of $2,365.00 on September 1, 2009 and paying off the arrearages of approximately $23,650.00 over sixty months at the rate of $394.00 per month beginning on the effective date.

2. Class IV (B): The first trust deed held by Bank of America /Countrywide on the home at 5952 Vizzi Court, Las Vegas, Nevada 89131 shall be modified to a 30-year amortized mortgage of $290,000.00, with a fixed-interest rate of 5.5% per annum, payable at the rate of $1,646.60 per month beginning on the effective date and continuing on the same day of each and every month thereafter for 360 months.

3. Class IV(C): The first trust deed held by IndyMac Federal Bank on the home at 6165 Smarty Jones Avenue, Las Vegas, Nevada shall be modified to a 30-year amortized

mortgage of $290,000.00, with a fixed-interest rate of 5.5% per annum, payable at the rate of $1,646.60 per month beginning on the effective date and continuing on the same day of each and every month thereafter for 360 months.

4. Class IV(E): The first trust deed held by America's Servicing Company (ASC) on the condominium home at 230 East Flamingo Road, #415, Las Vegas, Nevada 89169 shall be modified to a 30-year amortized mortgage of $110,000.00, with a fixed-interest rate of 5.5% per annum, payable at the rate of $624.57 per month beginning on the effective date and continuing on the same day of each and every month thereafter for 360 months.

5. Class IV(F): The first trust deed held by America's Servicing Company (ASC) on the home at 5824 Amber Station Avenue, Las Vegas, Nevada shall be modified to a 30-year amortized mortgage of $230,000.00, with a fixed-interest rate of 5.5% per annum, payable at the rate of $1,305.92 per month beginning on the effective date and continuing on the same day of each and every month thereafter for 360 months.

6. Class IV(G): The first trust deed held by Washington Mutual/J.P. Morgan Chase on the condominium home at 11855 Portina Drive, #2011, Las Vegas, Nevada 89138, shall be modified to a 30-year amortized mortgage of $140,000.00, with a fixed-interest rate of 5.5% per annum, payable at the rate of $794.91 per month beginning on the effective date and continuing on the same day of each and every month thereafter for 360 months.

7. This Order of Confirmation shall modify the current loan documents to change the principal balances, interest rates, terms of the loans, and monthly payment amounts. There shall be no impound accounts and the Debtor shall make direct timely payments of the hazard insurance and property taxes. The default terms and state law remedies for default contained in the current loan documents will remain unchanged.

IT IS FURTHER ORDERED that the unsecured creditors in Classes V, VI, and VI shall be paid 5% of their allowed claims without interest by equal monthly payments over eight years, beginning 30 days after the effective date of the Plan, and that any creditor in Class V (the unsecured credit card and other general unsecured claims) may elect to be paid in full by receiving a one-time cash payment of 3% of their allowed claims within 30 days of the effective date of the Plan.

IT IS FURTHER ORDERED that on the effective date of the Plan, the Plan and this Order shall bind the Debtor and any and all creditors of the Debtor, and any and all parties in interest

whether: (I) the claim of any such creditor or party in interest is impaired or unimpaired under the Plan; (ii) any such creditor or party in interest voted or is deemed to have voted for or against the Plan; (iii) any such creditor or party in interest filed a Proof of Claim or is deemed to have filed a Proof of Claim; and (iv) any such creditor or party in interest holds a claim that is contingent, liquidated, or based on theories of indemnification, contribution, or reimbursement arising out of transactions or occurrences prior to the confirmation date or otherwise.

IT IS FURTHER ORDERED that on the effective date, creditors are restrained and enjoined from taking any action whatsoever to collect, assert, or enforce any claims whatsoever against the Debtor, or the reorganized Debtor, except in accordance with the provisions of the Plan.

IT IS FURTHER ORDERED that the Debtor is authorized and directed to take all necessary and appropriate steps to implement and consummate the Plan.

IT IS FURTHER ORDERED that until the entry of the Final Decree, the Debtor shall file with the Clerk, not later than twenty days after the end of each calendar quarter which occurs after the entry of this Order, and every six months thereafter, a report of the action taken by the reorganized Debtor and the progress made toward consummation of the confirmed Plan. Said report shall include, at a minimum, the following information:

(A) a schedule of any personal property costing more than $5,000.00 and any real property, acquired, sold or disposed of since confirmation of the Plan and the price paid for each;

(B) a schedule listing each debt, the total amount required to be paid under the Plan, the amount required to be paid to date, the amount actually paid to date, and the amount unpaid;

(C) a schedule of executory contracts entered into after Plan confirmation;

(D) a statement listing each post-petition tax (i.e., income, payroll, property, sales), and payee and the amount actually paid; and

(E) the progress toward completion of the confirmed Plan and a list and status of any pending adversary proceedings or motions and the resolution expected; and

(F) a statement regarding the status of payment of both pre-confirmation and post-confirmation United States Trustee quarterly fees.

IT IS FURTHER ORDERED that pursuant to Local Rule 3022, a Final Decree may be

entered six months after the entry of this Order.

IT IF FURTHER ORDERED that failure to timely file the initial and subsequent status reports may constitute cause pursuant to 11 USC §1112(b) for conversion to a case under Chapter 7 or for dismissal.

IT IS FURTHER ORDERED that upon consummation of the Plan, the Debtor shall file an Application for a Final Decree as required by Federal Rule of Bankruptcy Procedure 3022. Pursuant to Local Rule 3022, the Application For a Final Discharge may be granted prior to full consummation of the Plan, upon application of the Debtor For a Final Decree made six months after the entry of this Order of Confirmation. Notwithstanding the entry of such a Final Decree and the closing of the bankruptcy case, the Court shall hear controversies arising thereafter that are within the scope of the provisions of the Plan (or other Order of the Court) regarding retained jurisdiction over the bankruptcy case and the parties in interest thereto.  In addition, any party in interest may move to reopen the bankruptcy case if necessary to obtain relief that otherwise could not be obtained absent reopening of the case.  Any request for such relief may be heard concurrently with a motion to reopen the case, and the same may be heard on an emergency basis if expedited relief is necessary under the circumstances.

IT IS FURTHER ORDERED that the Court shall and hereby does retain jurisdiction over this bankruptcy case for the purposes provided in the Plan.

IT IS FURTHER ORDERED that Notice of Entry of this Order and a copy of this Order shall be mailed to all creditors and parties in interest within ten days after the Order is entered.

IT IS FURTHER ORDERED that if and to the extent that there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control.

IT IS FURTHER ORDERED that the Court after notice and hearing appropriate to the circumstances, may enter such further or supplemental orders, as the Court finds necessary for the

///
///
///
///
///

implementation or consummation of the Plan.

Submitted by:

/s/Steve Herbert Hofsaess, In Proper Person
Steven Herbert Hofsaess, In Proper Person
c/o Christopher G. Gellner, Esq.
528 South Casino Center Boulevard, Third Floor
Las Vegas, Nevada 89101
(702) 386-9393
Debtor in Proper Person

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_x_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Cindy Lee Stock, Esq.  (382-0925) **Approved on November 13, 2009.**

Jacque A. Gruber, Esq., of Pite Duncan, LLP (619) 590-1385.  - **Did not respond.**

Ronald Reynolds, Esq/Matthew P. Pawlowski, Esq. of Callister & Reynolds (385-2899) - **Did not respond**.